IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-101-BR-1
No. 7:11-CV-229-BR

| | |
|---|---|
| ANTHONY DANIEL SMITH, JR.,<br>Petitioner, | )<br>)<br>) |
| v. | )     **ORDER** |
| UNITED STATES OF AMERICA,<br>Respondent. | )<br>)<br>)<br>) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion.

In 2008, by way of a second superseding indictment, petitioner and Otis Waldron were charged with conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846, possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same in violation of 18 U.S.C. §§ 2 and 924(c), and felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Petitioner pled not guilty to all counts. In January 2009, a jury found petitioner guilty on all counts. The court subsequently sentenced petitioner to a total term of imprisonment of 360 months. Petitioner appealed his convictions, and the Fourth Circuit Court of Appeals affirmed. (DE # 169.) Petitioner filed a petition for a writ of certiorari, which the Supreme Court denied on 18 October 2010. Smith v. United States, No. 10-6437.

Petitioner timely deposited for mailing the instant motion on 17 October 2011. (DE # 175.) On initial review, the court directed the government to respond to the motion and appointed counsel pursuant to standing order no. 11-SO-3 because petitioner asserts a challenge to his sentence based on United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). (DE ## 176, 177.) The government then filed the instant motion to dismiss. (DE # 179.)

Subsequently, on motion, the court allowed petitioner's counsel to withdraw from representation. (DE ## 192, 193.) Because petitioner might have been confused as to whether he or his counsel should respond to the motion, the court notified petitioner that because his counsel was allowed to withdraw, he must file a response to the government's motion by 30 August 2012. (DE # 194.) In that order, the court warned petitioner that if he fails to file a response, this proceeding may be dismissed. (Id.) Petitioner then filed *pro se* a motion requesting an extension of the time to respond. (DE # 195.) The Clerk allowed the motion, and petitioner's deadline was extended to 12 October 2012. (DE #196.) Despite this extension, petitioner did not file a response to the government's motion.

In his § 2255 motion, petitioner asserts three claims. He raises two claims of ineffective assistance of counsel and, as noted previously, a claim based on Simmons. (Pet., DE # 175, at 4.[1]) The court addresses the ineffective assistance claims together. The applicable legal standard for an ineffective assistance of counsel claim is well established.

> To establish ineffective assistance under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), a petitioner must show both (1) that his counsel's performance was deficient and (2) that he suffered prejudice as a result. First, a defense attorney's performance is considered deficient if the "representation fell below an objective standard of reasonableness." *Id.* at 688. The Supreme Court has specified that because of the inherent difficulties in "eliminat[ing] the distorting effects of hindsight," courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Second, counsel's deficient performance results in prejudice if there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where "reasonable probability" means "a probability sufficient to undermine

---

[1] Page citations are to page numbers generated by cm/ecf.

> confidence in the outcome." *Id.* at 694. The mere conceivability
> of some effect on the outcome is insufficient. *Id.* at 693. Because
> of the deference due both trial counsel and the initial outcome
> under *Strickland's* respective prongs, "[s]urmounting *Strickland's*
> high bar is never an easy task." *Padilla v. Kentucky*, ––– U.S.
> –––, –––, 130 S. Ct. 1473, 1485, 176 L. Ed. 2d 284 (2010).

Estep v. Ballard, No. 11-6540, 2012 WL 5417556, at *4 (4th Cir. Nov. 7, 2012) (alterations in original).

Petitioner asserts a number of complaints about trial counsel's performance. First, he claims that trial counsel "failed to enter any substantial pre-trial motions, . . . after multiple requests to move for a suppression hearing . . . ." (Pet., DE # 175, at 4.) To evaluate this claim, the court recounts the relevant pretrial history. On 19 June 2008, petitioner's co-defendant, Waldron, filed several pretrial motions, including a motion to suppress. (DE ## 47-53.) On 29 July 2008, trial counsel filed on behalf of petitioner a motion to adopt those motions filed by the co-defendant. (DE # 69.) On 1 August 2008, U.S. Magistrate Judge William A. Webb recommended that the motion to suppress be denied, and he denied in part and granted in part the other motions. (DE # 70.) On 5 September 2008, the court adopted the recommendation and denied the motion to suppress. (DE # 73.) On 15 September 2008, the court denied petitioner's motion to adopt the co-defendant's motions, but because the second superseding indictment had been filed, the court allowed petitioner until 22 September 2008 to file any pretrial motion specifically identified to him. (DE # 77.) Although trial counsel did not file any individually specific pretrial motion by 22 September 2008, he did file prior to the commencement of trial a motion in limine to exclude any Rule 404(b) evidence. (DE # 101.) The court granted in part and denied in part that motion. (1/6/09 Tr., DE # 161, at 14-15.)

The court concludes that trial counsel's performance was not deficient in regards to the

3

filing of pretrial motions. Specifically with respect to the filing of a motion to suppress, the facts surrounding the subject search and seizure and the basis for a legal challenge to them are the same for petitioner and his co-defendant. (See 8/1/08 Order, DE # 70, at 2-5.) Because the court had denied the co-defendant's motion to suppress, it would have been futile for petitioner's trial counsel to subsequently file a motion to suppress on petitioner's behalf. Similarly, because the court had denied in significant aspects the co-defendant's other pretrial motions and had only granted the motions in so far as the government's pre-existing obligations under Rule 404(b) and United States v. Giglio, 405 U.S. 150 (1972), (see id at 5-9), it would have likely been futile for trial counsel to file pretrial motions of a similar nature. Finally, the court notes that counsel did file prior to trial what the court would characterize as a substantial motion, that being one to exclude evidence of petitioner's prior convictions. Counsel's performance regarding pretrial motions was objectively reasonable.

Petitioner also contends that trial counsel "failed to properly cross examine the government[']s witnesses to a sufficient standard under Crawford." (Pet., De # 175, at 4.) The court presumes that petitioner is referring to the decision of Crawford v. Washington, 541 U.S. 36 (2004). In that case, "the Supreme Court held that the [Confrontation] Clause bars admission of testimonial hearsay unless the declarant is unavailable and the defendant had a prior opportunity for cross-examination." United States v. Jackson, 706 F.3d 264, 267 (4th Cir. 2013) (citing Crawford, 541 U.S. at 68) (emphasis added). Given this holding, this basis of petitioner's claim is not clear. In any event, the court recognizes that trial counsel vigorously cross-

4

examined the majority of the government's witnesses,[2] including the "jailhouse" witness that testified as to the co-defendant's statement about his (the co-defendant's) and his "brother's" involvement in the instant offenses, (1/7/09 Tr., DE # 162, at 200-07). The Fourth Circuit Court of Appeals found that the court's admission of the co-defendant's statement did not violate petitioner's right to confrontation recognized in Crawford. (DE # 169, at 3-4.) The court finds no deficiency with trial counsel's cross-examination of witnesses.

Petitioner next contends that trial counsel "failed to request a proper jury instruction as to the testimony of the witnesses against me." (Pet., DE # 175, at 4.) As the government points out, trial counsel requested seven separate instructions pertaining to witness testimony. (See DE # 98.) Obviously, counsel cannot be deemed to have rendered ineffective assistance for failing to do something that he in fact did.

Petitioner also summarily claims that trial counsel "was wholly unprepared for trial" and that he "failed to object to numerous matters of substantial importance to preserve them for appellate review." (Pet., DE # 175, at 4.) These assertions are belied by the trial transcript.

Finally, petitioner faults trial counsel for "fail[ing] to request a limiting instruction at the close of testimony." (Id.) The court provided some limiting instructions to the jury throughout the course of trial. One of those, the limiting instruction pertaining to evidence of petitioner's prior convictions, was drafted with input from trial counsel. (See 1/6/09 Tr., DE # 161, at 15; 1/7/09 Tr. DE # 162, at 191, 226.) Trial counsel was not deficient in this regard, and even if he was, how petitioner might have been prejudiced thereby is not evident.

---

[2]Trial counsel did not cross examine either the state special agent who testified as an expert in fingerprint identification and analysis or the Drug Enforcement Agency agent who testified as an expert in the field of identification and methods of distribution of controlled substances. Counsel did, however, lodge objections to their testimony.

5

Turning to the performance of appellate counsel, petitioner first claims that she failed to effectively communicate with him. (Pet., DE # 175, at 4.) Petitioner does not elaborate on how this purported failure prejudiced him, and none is evident from the record. Petitioner also contends that appellate counsel "failed to raise substantial arguments on appeal." (Id.) On appeal, counsel raised the following potential errors: (1) the court's admission of the co-defendant's out-of-court statement without a limiting instruction; (2) the court's admission of petitioner's prior cocaine convictions; and (3) the government's failure to present sufficient evidence to support the instant convictions. (DE # 169, at 2.) These arguments are what one would expect a reasonable attorney to raise on appeal here. Furthermore, petitioner does not state what other arguments appellate counsel should have raised, thus petitioner has not shown prejudice.

Lastly, petitioner claims that appellate counsel was ineffective in failing to file a petition for rehearing. (Pet., DE # 175, at 4.) An ineffective assistance of counsel claim based on this ground fails as a matter of law. "[A] petition for rehearing or rehearing en banc is a discretionary appeal and thus there is no constitutional right to counsel to pursue a petition for rehearing." White v. United States, No. 7:08CR54, 2013 WL 1497579, at *3 (W.D. Va. Apr. 11, 2013). "[W]here no Sixth Amendment right to counsel attaches to the proceeding, an ineffective assistance claim cannot be sustained." United States v. MacDonald, 966 F.2d 854, 859 n.9 (4th Cir. 1992).

Petitioner's remaining claim challenges his sentence based on the decision in Simmons. (Pet., DE # 175, at 4.) In Simmons, the court held that in determining whether a prior conviction was for a "felony," the district court must examine whether the specific defendant could have

6

received a sentence of greater than one year imprisonment, considering his criminal history and the nature of the offense. 649 F.3d at 243-44. Petitioner contends that Simmons affects his criminal history. (Pet., DE # 175, at 4.)

Petitioner's criminal history was calculated by assigning points to each of his prior convictions pursuant to U.S.S.G. §§ 4A1.1(a), 4A1.1(b), and 4A1.1(c) (2008). Points were assigned based on the length of each prior sentence of imprisonment *actually* imposed on petitioner. See U.S.S.G. § 4A1.2(a)(1) (2008) (defining "prior sentence" as "any sentence previously imposed upon adjudication of guilt . . ."). They were not assigned based on the sentence of imprisonment that *could have been* imposed on petitioner. Thus, Simmons has no effect on the calculation of petitioner's criminal history.

To the extent petitioner could be deemed to challenge his designation as a career offender under U.S.S.G. § 4B1.1, and assuming Simmons applies, petitioner's career offender status remains.

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

U.S.S.G. § 4B1.1 (2008). Simmons implicates the third element, i.e., whether a defendant has a "prior felony conviction." That term "means a prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed." Id. § 4B1.2, App. N.1. Petitioner has at least two prior convictions which meet this

7

definition.

In 1997 in North Carolina state court, petitioner was convicted of attempted assault with a deadly weapon with intent to kill inflicting serious injury. (PSR ¶ 13.)[3] This crime is a Class D felony under North Carolina law. See N.C. Gen. Stat. §§ 14-2.5 ("Unless a different classification is expressly stated, an attempt to commit a misdemeanor or a felony is punishable under the next lower classification as the offense which the offender attempted to commit."), 14-32(a) ("Any person who assaults another person with a deadly weapon with intent to kill and inflicts serious injury shall be punished as a Class C felon.") The presumptive minimum range of imprisonment for a Class D felony for an offender with a prior record level of I is 51 to 64 months.[4] See id. § 15A-1340.17(c) (1995). Because petitioner was subject to a sentence of imprisonment in excess of one year, this prior state conviction qualifies as a felony conviction for purposes of the career offender guideline and Simmons.

In 2003 in North Carolina state court, petitioner was convicted of attempted trafficking in cocaine by delivery. (PSR ¶ 17.) This crime is, at a minimum, a Class G felony under North Carolina law. See N.C. Gen. Stat. §§ 90-95(h)(3)a (defining "trafficking in cocaine" as encompassing the sale, manufacture, delivery, transportation, or possession of 28 grams or more of cocaine, with the lowest class of offense being Class G), 90-98 ("[A]ny person who attempts or conspires to commit any offense defined in this Article is guilty of an offense that is the same

---

[3] At sentencing, petitioner did not object to the facts relevant to any prior conviction contained within the presentence report. (See 7/13/09 Tr., DE # 166, at 2-3.)

[4] It is not clear how petitioner was actually sentenced to 16 to 20 months imprisonment, suspended, in that even the mitigated minimum range of imprisonment for a Class D felony for an offender with a prior record level of I is 38 to 51 months. At any rate, "'the actual sentence imposed is irrelevant.'" Hazel v. United States, No. 2:05-cr-0722, 2012 WL 2357663, at *2 (D.S.C. June 20, 2012) (unpublished) (quoting United States v. Thompson, No. 11-5059, 2012 WL 1592991, at *2 (4th Cir. May 8, 2012) (unpublished)).

8

class as the offense which was the object of the attempt or conspiracy and is punishable as specified for that class of offense and prior record or conviction level in Article 81B of Chapter 15A of the General Statutes."). For such a felony, the presumptive minimum range of imprisonment for an offender with a prior record level of I is 10 to 13 months. Id. 15A-1340.17(c) (1997). Because petitioner was subject to a sentence of imprisonment in excess of one year,[5] this conviction also qualifies as a felony conviction for the career offender guideline and Simmons. In sum, petitioner is not entitled to relief under Simmons.

Because petitioner is not entitled to relief on any claim he asserts, the government's motion to dismiss is ALLOWED, and the § 2255 motion is DISMISSED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

This 10 May 2013.

                                                                W. Earl Britt
                                                              Senior U.S. District Judge

---

[5] Petitioner's actual sentence was 14 to 17 months imprisonment. (PSR ¶ 17.)