IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CR-101-BR-1

UNITED STATES OF AMERICA

v.

ANTHONY DANIEL SMITH, JR.

ORDER

This matter is before the court on defendant's *pro se* motion to reduce his sentence under the First Step Act of 2018 ("First Step Act"). (DE # 233.)

In 2009, after a jury trial, defendant was convicted of conspiracy to distribute and possess with intent to distribute marijuana, possession of a firearm in furtherance of a drug trafficking crime and aiding and abetting the same, and felon in possession of a firearm. The court sentenced defendant to a total term of 360 months imprisonment and a total term of five years supervised release. The Fourth Circuit Court of Appeals affirmed defendant's convictions, (DE # 169), and the Supreme Court denied his petition for a writ of certiorari, Smith v. United States, No. 10-6437 (U.S. Oct. 18, 2010). Defendant unsuccessfully challenged his convictions and sentence in 28 U.S.C. § 2255 motions. (See DE ## 198, 218.)

Several months ago, pursuant to Standing Order 19-SO-3, counsel was appointed to represent defendant to determine whether he may qualify for relief pursuant to the First Step Act. (9/13/19 Text Order.) With court approval, counsel withdrew from representation. (11/6/19 Text Order.) Now, defendant, proceeding *pro se*, requests that the court reduce his sentence of imprisonment and term of supervised release.

Under 18 U.S.C. § 3582(c)(1)(B), a "court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." The First Step Act is

such a statute.  See United States v. Wirsing, 943 F.3d 175, 185 (4th Cir. 2019), as amended (Nov. 21, 2019) ("[T]he distinct language of the First Step Act compels the interpretation that motions for relief under that statute are appropriately brought under § 3582(c)(1)(B).")  The Act made Sections 2 and 3 of the Fair Sentencing Act of 2010 ("Fair Sentencing Act") retroactive.  See Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).  "A court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if [these] sections . . . were in effect at the time the covered offense was committed."  Id. § 404(b), 132 Stat. at 5222.

To determine whether defendant is eligible for relief under the First Step Act, the court considers whether any of his offenses are "covered offenses."  See Wirsing, 943 F.3d at 185. The First Step Act defines "covered offense" as "a violation of a Federal Criminal statute, the statutory penalties for which were modified by Sections 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  Pub. L. No. 115-391, § 404(a), 132 Stat. at 5222. Section 2 of the Fair Sentencing Act increased the threshold amounts of cocaine base ("crack cocaine") to trigger mandatory minimum terms of imprisonment for trafficking crack cocaine set forth in 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii) and § 960(b)(1)(C) and (2)(C).  Pub. L. No. 111-220, § 2, 124 Stat. 2372 (2010).  Section 3 of that Act eliminated the five-year mandatory minimum term of imprisonment for simple possession of crack cocaine under 21 U.S.C. § 844(a).  Id. § 3, 124 Stat. at 2372.

Although defendant committed his offenses of conviction before 3 August 2010, the Fair Sentencing Act did not modify any of the penalties associated with those offenses.  Defendant engaged in a conspiracy to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.  The statutory penalty for that offense is contained in § 841(b)(1)(D), which the Fair Sentencing Act did not amend.  See id. §§ 2-4, 124 Stat. at 2372-

73.  Defendant also committed two firearm offenses whose imprisonment penalties are contained in 18 U.S.C. § 924 and whose supervised release penalties are contained in 18 U.S.C. § 3583.  The Fair Sentencing Act did not change these provisions.  See id.  Although defendant was found accountable at sentencing for 127.58 grams of crack cocaine, (see PSR, DE # 211, ¶¶ 9, 38), that fact had no impact on the determination of his sentencing guideline range or statutory penalties, (see id. ¶¶ 44, 48-51).  Because the Fair Sentencing Act did not modify the statutory penalties for any of defendant's offenses, those offenses are not "covered offenses" under the First Step Act and defendant is not eligible for relief.

Defendant's motion for a sentence reduction is DENIED.

This 11 February 2020.

_____
W. Earl Britt
Senior U.S. District Judge